Richaedson, J.,
delivered the opinion of the court:
This petition is presented by the administrator of Oliver Holman, an additional paymaster in the Army, claiming relief from responsibility on account of the loss by theft of Government funds in his hands, while in the line of his duty, under the provisions of sections 1059 and 1062 of the Revised Statutes.
The former gives this court jurisdiction of—
“The claim of any paymaster, quartermaster, commissary of subsistence, or other disbursing-officer of the United States, or of his administrators or executors, for relief from responsibility on account of capture or otherwise, while in the line of.his duty, of Government funds, vouchers, records, or papers in his charge, and for which such officer was and is held responsibleand the latter is as follows:
“ Whenever the Court of Claims ascertains the facts of any loss, by any paymaster, quartermaster, commissary of subsistence, or other disbursing-o’fficer, in the cases hereinbefore provided, to have been without fault or negligence on the part of such officer, it shall make a decree setting forth the amount thereof, and upon such decree the proper accounting-officer of the Treasury shall allow to such'officer the amount so decreed, as a credit in the settlement of his accounts.”
The facts are that Oliver Holman, the petitioner’s intestate, was stationed at Boston, Mass., as a paymaster, and on the 29th of July, 1865, on returning from Gallope’s Island, in Boston Harbor, where he had been, in the line of his duty, to pay a battery, he had on hand certain money of the United States in current notes. These he made into a package and delivered to an orderly detailed for service in his office, with directions to take the same to the Boston National Bank, a designated depository, *647 where bis official deposits were kept, and to request the teller to keep the same for him. intact. The package was never received by the bank, but was stolen by or from the orderly, who was tried before a general court-martial for the larceny, convicted, and sentenced to five years’ imprisonment and other punishments therefor.
A majority of the court are of opinion that the paymaster was at fault and negligent in intrusting so large an amount of money to an orderly in his office, instead of depositing the same at the bank himself, or sending it by his clerk, and, therefore, that the petitioner is not entitled to the relief from responsibility which he prays for.
But, speaking for myself alone, I think there is another fatal defect in the claimant’s case. He has failed to prove the amount of money contained in the stolen package, and the court has no means of determining the extent of the loss.*
The only facts bearing upon that point are these: Immediately after the larceny, Holman, the paymaster, reported the fact to his superior officer, and stated that the package contained $2,658 j and in his next official account, four months later, he claimed credit for the same amount therein alleged to have been thus stolen from him. He also testified to the same amount of loss before the general court-martial by which the orderly was tried upon the charge of having committed the larceny. The court-martial found the orderly guilty of stealing the package, stated in the proceedings to be “ of the value of about $2,658and this statement of value, uncertain as it is, was founded only upon the oath of the paymaster himself. The issue tried before that military court was whether or not the orderly had committed the larceny of a package of money of the value of about $2,658, and the exact amount of notes contained therein was not material and was not found by the court. It is true that the commanding general, in approving the findings, recites and approves the conviction of the accused for £< stealing $2,658 from a United States paymaster,” but in this he assumes what was not proved and what the court did not find.
All this is wholly incompetent to prove the actual amount of money lost, which it is necessary for this court to determine in *648 order to grant any relief. The declaration of the original claimant, not made under oath, and his sworn statement before another tribunal, are equally inadmissible in his own favor in a case brought in this court by his administrator for the benefit of his estate.
We are left, then, in my opinion, without the slightest legal evidence whatever as to the amount of loss sustained by the petitioner’s intestate.
The unanimous judgment of the court is that the decree prayed for be refused and the petition be dismissed.

 See, on this point, the decision in Paymaster ClarWs Case, post.